<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ALQUAN MUSLIM, | : | |
| Plaintiff, | : | Civ. No. 18-17341 (GC) (TJB) |
| v. | : | |
| IHUOMA NWACHUKWU, | : | **MEMORANDUM & ORDER** |
| Defendant. | : | |

<u>**CASTNER, District Judge**</u>

Plaintiff, Alquan Muslim ("Plaintiff" or "Muslim"), is a state prisoner currently incarcerated at the New Jersey State Prison ("NJSP") in Trenton, New Jersey. He is proceeding *pro se* with a civil rights Complaint against Defendant Ihuoma Nwachukwu (hereinafter "Defendant"). (*See* ECF 1). Presently pending before this Court is Defendant's Motion for Summary Judgment. (*See* ECF 119).

Plaintiff's allegations against Defendant arise from her decision that Plaintiff should travel in standard New Jersey Department of Corrections' ("NJDOC") vans for scheduled off-site medical appointments, rather than a wheelchair van. That Motion has now been fully briefed. However, the Court finds that additional briefing from the parties based on the record is warranted prior to the Court issuing a decision. Thus, Defendant shall be ordered to file a supplemental brief on the following topics with specific and express citations to the record:

1. Whether there is evidence in the record for a reasonable jury to find that Defendant's decision not to provide Plaintiff access to a wheelchair van for his off-site medical appointments was for non-medical reasons.

2. Whether Defendant's application of the criteria for wheelchair van access to Plaintiff could constitute a per se deliberate indifference claim.

3. Whether Defendant's referral of Plaintiff to receive mental health treatment satisfies, in and of itself, that Defendant did not act with deliberate indifference.  Additionally, Defendant shall also address whether mental health's recommendation of breathing techniques and medication for Plaintiff is sufficient to find that Defendant did not act with deliberate indifference to his serious medical needs.

4. What weight, if any, should the Court give to the fact that Plaintiff was recommended by medical professionals for wheelchair van access on August 1, 2017 (*see* ECF 123-2 at 9) and June 18, 2018 (*see* ECF 123-2 at 10).

Accordingly, IT IS on this 31st day of October, 2023,

ORDERED that Defendant shall file a supplemental brief addressing the questions listed above within (30) days of the date of this Memorandum and Order; and it is further

ORDERED that Plaintiff shall have thirty (30) days to file a supplemental response to Defendant's supplemental brief; and it is further

ORDERED that in light of the supplemental briefing that has been ordered, for docket management purposes only, the Clerk shall administratively terminate Defendant's Motion for Summary Judgment (ECF 119), subject to reopening and relisting of the Motion when the supplemental briefs of the parties have been filed; and it is further

ORDERED that the Clerk shall serve this Memorandum and Order on Plaintiff by regular U.S. mail.

                                              */s/Georgette Castner*
                                              GEORGETTE CASTNER
                                              United States District Judge